# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **NGEN SMOKE L.L.C., et al.,** | Civil Action No. 17-1340 (PGS) |
| Plaintiffs, | |
| v. | **PRETRIAL SCHEDULING ORDER** |
| **DAVID LAM,** | |
| Defendant. | |

This matter having come before the Court during a telephone status conference on June 30, 2017; and the Court having conferred with counsel concerning the timely completion of discovery; and good cause appearing for the entry of the within Order;

IT IS on this 30th day of June 2017,

ORDERED THAT:

## I. DISCLOSURES

1. Counsel advised that the Parties have exchanged initial disclosures.

2. Counsel must conduct the E-Discovery conference required by L. Civ. R. 26.1(d) by <u>July 28, 2017</u>.

## II. DISCOVERY

3. The Parties must serve initial written discovery requests by <u>July 28, 2017</u>.

4. In accordance with Fed. R. Civ. P. 30, the Parties are limited to <u>10</u> depositions, per side. In accordance with Fed. R. Civ. P. 33, the Parties will be limited to <u>25</u> interrogatories (including all subparts) per party.

5. No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege. *See* Fed. R. Civ. P. 32(d)(3)(A). No instruction not to answer shall be given unless a privilege is implicated.

6. Any motion to amend the pleadings or join new parties, whether by amended or third-party complaint must be filed by <u>September 29, 2017</u>.

7. The Parties must complete fact discovery, including depositions, by <u>October 30, 2017</u>. No discovery is to be issued or conducted after this date.

8. Counsel must meet and confer in a good faith attempt to resolve any discovery or case management dispute before bringing such dispute to the attention of the Court. Any unresolved dispute must be brought to the Court's attention **promptly** by letter to the undersigned. Failure to timely raise a discovery dispute may result in a waiver.

9. No discovery motion shall be made without prior leave of the Court.

### III. DISCOVERY CONFIDENTIALITY ORDER

10. Any proposed confidentiality order must be submitted by **July 28, 2017** and comply with Fed. R. Civ. P. 26(c) and L. Civ. R. 5.3. *See also Pansy v. Borough of Stroudsburg,* 23 F. 3d 772 (3d Cir. 1994); *Glenmede Trust Company v. Thompson,* 56 F. 3d 476 (3d Cir. 1995). Any such form of order must be accompanied by an affidavit or attorney/certification filed electronically under the designation "affidavit/certification in support of discovery confidentiality order." The affidavit or attorney/certification shall describe (a) the nature of the materials to be kept confidential, (b) the legitimate private or public interests which warrant confidentiality and (c) the clearly defined and serious injury that would result should to order not be entered. *See* L. Civ. R. 5.3(b). Any such order must be clearly designated "Discovery Confidentiality Order." *Id.*

### IV. EXPERTS

11. All affirmative expert reports shall be delivered by **[TBD]**. Any such report shall be in the form and content as required by Fed. R. Civ. P. 26(a)(2)(B).

12. All responding expert reports shall be delivered by **[TBD]**. Any such report shall be in the form and content as described above.

13. No expert shall testify at trial as to any opinions or base those opinions on fact not substantially disclosed in his or her report.

### V. FUTURE CONFERENCES

14. The Court will conduct a telephone status conference on **October 12, 2017** at **2:30 P.M.** Defense counsel will initiate the call. During the call, the Court will set a schedule for expert discovery and/or dispositive motions.

15. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of the Court, even with consent of all counsel.

*s/ Douglas E. Arpert*
**DOUGLAS E. ARPERT**
**United States Magistrate Judge**