LAW OFFICES OF
## WONG, WONG & ASSOCIATES, P.C.

RAYMOND H. WONG *
VALERIE Y. C. WONG *

WILLIAM YANG ‡
ANTONY LEMBERSKY *
NATALYA RUTCHYK *
EFRAIM S. LIPSCHUTZ ‡

150 BROADWAY, SUITE 1588
NEW YORK, NY 10038
PHONE: (212) 566-8080
FACSIMILE: (212) 566-8960


ORDER

NEW JERSEY OFFICE
12 ROSZEL RD, STE A102
PRINCETON, NJ 08540
PHONE: (609) 520-1668
FACSIMILE: (609) 520-1168

* MEMBER NY & NJ BARS
# MEMBER NY & CT BARS
‡ MEMBER NY BAR

August 23, 2018

*Via Electronic Filing*
Magistrate Douglas E. Arpert
U.S. District Court
District of New Jersey
402 East State Street Room 2020
Trenton, NJ 08608

  Re: Ngen Smoke LLC, et al v. David Lam
     Civil Docket No.: 3:17-cv-01340-PGS-DEA

Dear Magistrate Arpert:

  This Firm represents Defendant David Lam (the "Defendant") in the above entitled action. This letter is submitted in response to Plaintiffs' August 22, 2018 letter [Doc. No. 28]. The characterization of Defendant and/or this Firm needs to be corrected.

  First, a consensus of the Federal Rules of Civil Procedure is that party is allowed to dictate the location where it wants a deposition to take place subject to the power of the court to grant a protective order. *See* F.R.C.P. 30. Holding the deposition in the office of the attorney handling the action is hardly a novel idea. In fact, I did such for the Defendant's deposition by traveling to opposing counsel's office in central New Jersey. The F.R.C.P. simply requires notice of the day, time and location, which Defendant did, contrary to opposing counsel's assertion. For if no notice was given, what are the grounds to write Plaintiff's letter? Furthermore, this Court does not have a blackletter rule on the minimum notice requirement.

  Second, holding depositions in New York City is not unreasonable, unduly burdensome, or financially difficult. New York and New Jersey are after all, neighboring states. As this Court ruled in similar circumstances, "either New Jersey or Philadelphia, Pennsylvania would be appropriate locations in which to depose plaintiff's president…the Magistrate concluded that plaintiff had shown neither financial hardship nor the inability of plaintiff's president to attend the deposition in this District and, at most, had shown that his trip to this forum would be inconvenient. *South Seas Catamaran, Inc. v. Motor Vessel "Leeway"*, 120 F.R.D. 17 (N.J. D. 1988). New York City is the office where I work, where most of our staff is, and where the large file is situated. It is therefore, where the deposition should be held. While this Firm does have an office in Princeton,

NJ, the difference in mileage of traveling from opposing counsel's office to Princeton versus New York City is only about 15 miles, which is hardly prohibitive.

Plaintiffs' counsel did offer his office, but I did not accept or even imply that I accepted such proposition. Opposing counsel also footnoted my representation that the Princeton office was flooded as if to suggest that such representation was false and/or unpersuasive.

Finally, and most importantly, this Firm takes umbrage with opposing counsel's characterization of any of its actions as roadblocks impeding Plaintiffs' litigation of this action. The previous attorney on this case, Alycia Swift left this Firm in the Spring of 2018, but it would be preposterous to suggest that Ms. Swift left as a strategy to slow down Plaintiffs case. She left for her own reasons that have nothing to do with this action or the dozens of other cases she worked on. Her leaving the Firm certainly slowed down this action, but not by much. Since this Spring, the parties exchanged documents, Defendant was deposed, and Plaintiffs' depositions are scheduled for next week. While this Firm did file a motion to be relieved, even this was not in any way an intentional act to obstruct this case. Within approximately a week of filing this Firm's motion to be relieved as counsel, and before withdrawing the motion to be relieved, I instructed opposing counsel that Defendant will be proceeding with the case and discovery. Defendant never waived his right to depose the Plaintiffs. Even if this Firm withdraw from the case, that would not indicate Defendant waiving his right to depose the Plaintiffs. If Plaintiffs are not suggesting that any of the actions by this Firm are intentional, it begs the question of why point out any of it? Certainly, lawyers do not get upset when a counsel becomes ill and needs to adjourn an appearance or deadline. The fact of the matter is, Plaintiffs should be happy that this Firm is still on the case, and Defendant is not pro se, or searching for new representation, for such would impede the resolution of this action far more than any delays thus far.

Nonetheless, and as a showing of good faith and desire not to get the Court involved in mundane issues, Defendant will agree to hold depositions as scheduled in this Firm's Princeton office. If this Court requires any further input, a conference call can be arranged.

Wong, Wong and Associates, P.C.

By: /s/ Antony Lembersky

*[Handwritten:]* The depositions of Plaintiffs will be conducted, as scheduled, on August 28 and 29, 2018, at the Princeton, NJ offices of defense counsel.

So Ordered—
/s/ [signature]
USMJ.