**UNITED STATES DISTRICT COURT**

**for the**

**District of New Jersey**

| NGEN SMOKE LLC, RYAN ENG and ERIC WONG, individually and derivatively on behalf of NGEN SMOKE LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVID LAM,<br><br>Defendant. | Civil Action No. 3:17-cv-01340-PGS-DEA<br><br>Motion Day: August 5, 2019 |
|---|---|

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION UNDER F.R.C.P. 60(b)**

Date: July 22, 2019

/s/ Raymond H. Wong
Raymond H. Wong.
**Wong, Wong & Associates, P.C.**
150 Broadway, Suite 1588
New York, New York 10038
raymond_h_wong@yahoo.com
Tel: (212) 566-8080
Fax: (212) 566-8960

**TABLE OF CONTENTS**


**TABLE OF CONTENTS** ........ I

**TABLE OF AUTHORITIES** ........ II

**INTRODUCTION** ........ 1

**PRELIMINARY STATEMENT AND PROCEDURAL POSTURE** ........ 1

**LEGAL STANDARD** ........ 2

**F.R.C.P. 60(B)** ........ 2
**CONFIDENTIALITY DURING MEDIATION** ........ 3

**LEGAL ARGUMENT** ........ 3

**POINT I** ........ 3

**PLAINTIFFS' MOTION SHOULD BE DENIED BECAUSE THIS COURT LACKS JURISDICTION TO ADJUDICATE THE ISSUES WITH THE SIGNED SETTLEMENT AGREEMENT BETWEEN THE PARTES.** ........ 3

**POINT II** ........ 4

**PLAINTIFFS' MOTION SHOULD BE DENIED BECAUSE DEFENDANT'S ATTORNEY DID NOT COMMITT FRAUD OR MISCONDUCT DRAFTING THE TERM SHEET** ........ 4

**POINT III** ........ 6

**A MISTAKE, INADVERTENCE OR NEGLECT IN DRAFTING THE AGREEMENT CANNOT RELY ON RULE 60(B)(1) FOR RELEIF THEREFORE, THIS MOTION MUST BE DENIED** ........ 6

**POINT IV** ........ 7

**STRICTLY IN THE ALTERNATIVE, IF THE COURT FINDS THAT IT DOES RETAIN JURISDICTION OVER THE SETTLEMENT AGREEMENT AND THAT THE COURT CAN HEAR THIS MATTER UNDER RULE 60(B), PLAINTIFFS' MOTION MUST BE DENIED BECAUSE THERE WAS NO UNILATERAL MISTAKE.** 7

**CONCLUSION** ........ 10

# TABLE OF AUTHORITIES

## Cases

*Bandai America Inc. v. Bally Midway Mfg. Co.*,
775 F.2d 70 (3d Cir. 1985) ........ 5, 6
*Fleming Companies, Inc. v. Thriftway Medford Lakes, Inc.*,
913 F. Supp. 837 (D.N.J. 1995) ........ 7, 8
*Gonzalez v. Crosby*,
545 U.S. 524 (2005) ........ 2
*Harris v. Nogan*,
2019 WL 1435925 (D.N.J. April 1, 2019) ........ 3
*Intertech Associates, Inc. v. City of Paterson*,
255 N.J. Super. 52 (App. Div. 1992) ........ 7
*Kiburz v. Sec'y, U.S. Dep't of the Navy*,
446 F. App'x 434 (3d Cir. 2011) ........ 3
*Moolenaar v. Gov't of the Virgin Islands*,
822 F.2d 1342 (3d Cir. 1987) ........ 2
*National City Mort. Co. v. Stephen*,
647 F.3d 78 (3d Cir. 2011) ........ 3
*O'Brien v. Real Estate Mortg. Network, Inc.*,
2009 WL 2595639 (D.N.J. August 20, 2009) ........ 4
*Raiczyk v. Ocean County Veterinary Hosp.*,
377 F.3d 266 (3d Cir. 2004) ........ 7
*Sawka v. Healtheast, Inc.*,
989 F.2d 138 (3d Cir. 1993) ........ 3, 4, 7
*Stridiron v. Stridiron*,
698 F.2d 204 (3d Cir. 1983) ........ 4
*Testa v. Hoban*,
2018 WL 5801548 (D.N.J. November 6, 2018) ........ 3, 4

## Statutes

Fed. R. Civ. P. 60(b). ........ 2

## Other Authorities

D.N.J. Local Civ. R. 301.1(d)(5) ........ 3

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NGEN SMOKE LLC, RYAN ENG and ERIC WONG, individually and derivatively on behalf of NGEN SMOKE LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVID LAM,<br><br>Defendant. | Civil Action No. 3:17-cv-01340-PGS-DEA |

## INTRODUCTION

Wong, Wong & Associates, P.C., on behalf of David Lam (the "Defendant"), respectfully submits this memorandum of law in opposition to Plaintiffs Ngen Smoke LLC, Ryan Eng and Eric Wong (collectively, "Plaintiffs") motion for F.R.C.P. 60(b) relief to rescind the November 28, 2018 settlement agreement between the parties.

## PRELIMINARY STATEMENT AND PROCEDURAL POSTURE

As set forth more fully in the Certification of Raymond H. Wong, Esq. ("Wong Cert."), Defendant David Lam, through his attorneys write this memorandum of law in opposition to Plaintiffs' motion for relief pursuant to Rule 60(b).

This case concerns a dispute between Eric Wong, Ryan Eng, and the Defendant over NGEN Smoke LLC, a company they started in order to manufacture and sell and/or license a new type of hookah smoking pipe. All the parties contributed money into NGEN Smoke LLC, with Defendant investing $73,000 for 33% of the company. [ECF Doc. No. 5 at ¶150]. After signing an Operating Agreement, and working together for over a year, the Defendant was ousted from NGEN

Smoke LLC, and is being sued in the instant action for fraud, misappropriation of intellectual property, unjust enrichment, and other claims. [ECF Doc. No. 1:3]. Defendant counterclaimed for, inter alia, breach of contract, unjust enrichment, and breach of fiduciary duty. [ECF Doc. No. 5]. After a lengthy discovery process and depositions, the Court ordered mediation between the parties. [ECF Doc. No. 31]. The parties attended mediation and signed an agreement thereby settling this matter. *See* Exhibit A of Certification of Jonathan F. Cohen, Esq. ("Cohen Cert."). Thereafter, the Court dismissed this matter with prejudice. [ECF Doc. No. 35]. On or around June 18, 2019, Defendant filed this instant motion to set aside the judgment pursuant to Rule 60(b). [ECF Doc. No. 40].

## **LEGAL STANDARD**

### **F.R.C.P. 60(b)**

Pursuant to Federal Rules of Civil Procedure 60(b) a court may provide relief from a final judgment under a limited set of circumstances. *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005). Specifically, Rule 60(b) provides that "[o]n a motion and just terms, the court may relieve a party of its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying in prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 60(b) remedy is extraordinary and should only be granted under special circumstances. *Moolenaar v. Gov't of the Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987);

*Testa v. Hoban*, 2018 WL 5801548 at *3 (D.N.J. November 6, 2018). A motion pursuant to Rule 60(b) carries a heavy burden and should only be granted where extraordinary and justifying circumstances are present. *Kiburz v. Sec'y, U.S. Dep't of the Navy*, 446 F. App'x 434, 436 (3d Cir. 2011); *Harris v. Nogan*, 2019 WL 1435925 at *3 (D.N.J. April 1, 2019).

**CONFIDENTIALITY DURING MEDIATION**

Pursuant to New Jersey District Court Local Civil Rule 301.1(d)(5), "[a]ll information presented to the mediator shall be deemed confidential unless requested otherwise and shall not be disclosed by anyone, including the mediator, without consent, except as necessary to advise the Court of an apparent failure to participate. The mediator shall not be subject to subpoena by any party. No statements made or documents prepared for mediation shall be disclosed in any subsequent proceeding or construed as an admission." D.N.J. Local Civ. R. 301.1(d)(5). *See* [ECF Doc. No. 31].

Plaintiffs rely on statements made during the mediation. Since the facts Plaintiffs relied on occurred during mediation, they should not be allowed during this subsequent proceeding as per the rules and Court Order.

**LEGAL ARGUMENT**

**POINT I**

**PLAINTIFFS' MOTION SHOULD BE DENIED BECAUSE THIS COURT LACKS JURISDICTION TO ADJUDICATE THE ISSUES WITH THE SIGNED SETTLEMENT AGREEMENT BETWEEN THE PARTES.**

Once a judgment is entered in an action, a court needs separate jurisdictional grounds to hear factually intertwined issues. *National City Mort. Co. v. Stephen*, 647 F.3d 78, 85 (3d Cir. 2011). Only if a settlement is part of the record and incorporated into an order, can the district court exercise jurisdiction over a petition regarding the settlement. *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 141 (3d Cir. 1993). In order to question the validity of an executed agreement Plaintiffs

must file a separate action and the agreement cannot be set aside under Rule 60(b). *Sawka*, 989 F.2d at 140-41; *See O'Brien v. Real Estate Mortg. Network, Inc.*, 2009 WL 2595639 at *2 (D.N.J. August 20, 2009) (an ability to file a separate action based on an agreement is a basis for denying relief, pursuant to Rule 60(b)).

After the parties had a signed settlement agreement, this Court ordered the case dismissed with prejudice. [ECF Doc. No. 35]. The order of dismissal did not reference and/or incorporate the settlement agreement in the order of dismissal. *Id.* Therefore, this Court did not retain jurisdiction over the parties. As the Court did not retain jurisdiction over the parties and the settlement agreement, Plaintiffs were required to file a separate action and assert a separate jurisdictional ground in order for this Court to adjudicate this matter. Here, Plaintiffs failed to file a separate action and failed to assert any jurisdictional grounds. Therefore, this Court does not have jurisdiction over the parties and the court must deny Plaintiffs' motion pursuant to Rule 60(b).

## POINT II

## PLAINTIFFS' MOTION SHOULD BE DENIED BECAUSE DEFENDANT'S ATTORNEY DID NOT COMMITT FRAUD OR MISCONDUCT DRAFTING THE TERM SHEET

To prevail under Rule 60(b)(3), the movant must establish with clear and convincing evidence: "(1) that the adverse party engaged in fraud or misconduct; and (2) that this conduct prevented the moving party from fully and fairly presenting his case." *Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir. 1983); *Testa v. Hoban*, 2018 WL 5801548 at *5 (D.N.J. November 6, 2018). [R]elief pursuant to a Rule 60(b)(3) motion is not warranted when it is merely an attempt to re-litigate the case or if the court otherwise concludes ... that fraud or misrepresentations or other misconduct has not been established. *Testa v. Hoban*, 2018 WL 5801548 at *5 (D.N.J. November 6, 2018). The misrepresentations relied upon must be clearly material to the outcome of the

litigation and there must be no neglect on the part of the moving party. *Bandai America Inc. v. Bally Midway Mfg. Co.*, 775 F.2d 70, 73 (3d Cir. 1985).

Plaintiffs have not pointed to any facts where Defendant's attorney engaged in fraud or misconduct. Additionally, it was based on the neglect of Plaintiffs' that we are in this situation. Further, Plaintiffs are attempting to relitigate this case, so they won't be personally liable in the agreement.

First, Plaintiffs rely on the facts that before signing the settlement agreement they were steadfast that they did not want to accept the possibility of personal liability. If Plaintiffs did not want to be personally liable, they should have included that in the agreement. Especially, if Plaintiffs claim that they really did not want to be personally liable they should not have left it to interpretation. Based on the settlement agreement, Plaintiffs did not have the intention to not be personally liable. Further, Plaintiffs make no claim that Mr. Lembersky in any way forced Plaintiffs to sign the agreement without reading it or that Mr. Lembersky added any words to the agreement after signing it or any other facts showing that Plaintiffs were forced to sign the agreement or were not allowed to make any changes. This is an adversarial system where Mr. Lembersky represented Defendant, and in no way did he commit any fraud. Plaintiffs were represented by their own counsel who had the chance to read and make changes to the settlement agreement before having Plaintiffs sign the document. Plaintiffs had the opportunity to add that they won't be personally liable but did not. Without any additional facts beyond what Plaintiffs wanted and the signing of the settlement agreement, there was no fraud or misrepresentation by Mr. Lembersky, therefore, the Court should deny the motion

Second, Plaintiffs are trying to get a second bite of the apple by renegotiating this case and settlement agreement. Since the signing of the agreement and around the time this motion was filed

vaping has seen stricter regulations. For example, the City of San Francisco in California recently, around June 25, 2019, instituted a ban on e-cigarettes and vaping. *See* Exhibit A. With cities starting to completely ban vaping Plaintiffs see their company in jeopardy. If Plaintiffs' company does not become profitable because of vaping restrictions, Plaintiffs want to avoid being personally liable and thus leaving Defendant high and dry. As long as Ngen Smoke is profitable there was no concern that Plaintiffs would have to worry about personal liability. Now that Plaintiffs are seeing anti vaping sentiment which can hurt their business, Plaintiffs are trying to relitigate this settlement in order to take away their personal liability even though they signed the agreement.

Third, even if Plaintiffs did not intend to be personally liable, they cannot get relief under Rule 60(b). Case law is clear that there must be no neglect on the part of the moving party. *Bandai America Inc.*, 775 F.2d at 73. Here, Plaintiffs and their attorney neglected to read the settlement agreement properly and add any terms that they thought was important. As the settlement agreement makes no mention of Plaintiffs rejecting personal liability and Plaintiffs were not forced into signing the agreement, Plaintiffs were negligent when signing the agreement and therefore cannot prevail under Rule 60(b)(3).

Plaintiffs cannot prove by any sort of evidence that there was any kind of fraud or misconduct by Defendant. Plaintiffs were represented by counsel and had the opportunity to read and make changes to the signed agreement. Therefore, the Court must deny Plaintiffs' motion under Rule 60(b)(3).

## POINT III

## A MISTAKE, INADVERTENCE OR NEGLECT IN DRAFTING THE AGREEMENT CANNOT RELY ON RULE 60(b)(1) FOR RELEIF THEREFORE, THIS MOTION MUST BE DENIED

The lack of sufficiently detailed language in a settlement agreement may be problematic, but a mistake, inadvertence or neglect in drafting the terms of the agreement does not call the

validity of the judgment into doubt, therefore there can be no relief under Rule 60(b)(1). *Sawka*, 989 F.2d at 140.

Case law is clear, that a mistake in drafting the agreement cannot be addressed under Rule 60(b)(1). *Id.* Plaintiffs argue that there was a mistake with drafting the settlement agreement. Plaintiffs fail to call into doubt the validity of the judgment itself. Therefore, the Court must deny Plaintiffs' motion under Rule 60(b)(1).

## POINT IV

## STRICTLY IN THE ALTERNATIVE, IF THE COURT FINDS THAT IT DOES RETAIN JURISDICTION OVER THE SETTLEMENT AGREEMENT AND THAT THE COURT CAN HEAR THIS MATTER UNDER RULE 60(b), PLAINTIFFS' MOTION MUST BE DENIED BECAUSE THERE WAS NO UNILATERAL MISTAKE.

"Rescission is an equitable remedy and only available in limited circumstances. Even where grounds for rescission exist, however, the remedy is discretionary." *Intertech Associates, Inc. v. City of Paterson*, 255 N.J. Super. 52, 59 (App. Div. 1992); *see Raiczyk v. Ocean County Veterinary Hosp.*, 377 F.3d 266, 270 (3d Cir. 2004) (Signing a contract creates a conclusive presumption that the signer read, understood, and assented to its terms thus, a unilateral mistake is not automatically granted but is available only at the court's discretion).

"In order to rescind or reform an agreement on the basis of a unilateral mistake, the following essential elements must each be present: (1) the mistake must be of so great a consequence that to enforce the contract as actually made would be unconscionable; (2) the matter as to which the mistake was made must relate to the material feature of the contract; (3) the mistake must have occurred notwithstanding the exercise of reasonable care by the party making the mistake, and (4) the relief afforded must not seriously prejudice the other party, except for loss of his bargain." *Fleming Companies, Inc. v. Thriftway Medford Lakes, Inc.*, 913 F. Supp. 837, 843 (D.N.J. 1995); *accord Raiczyk*, 377 F.3d at 270.

"Negligence is defined as the failure to exercise reasonable care under the circumstances. Thus, since a mistaken party must have exercised reasonable care under the circumstances before the party may obtain rescission or reformation, where the mistake is the result of the mistaken party's own negligence such remedies are unavailable." *Fleming Companies, Inc*, 913 F. Supp. At 843.

In our case, Plaintiff do not meet the above elements to rescind the settlement agreement. As an initial matter, Plaintiffs analysis of the above elements are conclusory without any analysis of facts to the law. Plaintiffs do not explain how the facts in our case support any of the elements to allow for the contract to be rescinded. Plaintiffs failed to prove the four-part test; thus, this motion should be denied.

As for the first element, Plaintiffs fail to explain their reasoning as to why permitting Plaintiffs to be held individually liable would be unconscionable. If Plaintiffs really rejected the idea of them personally being liable why didn't they write it into the settlement agreement before Plaintiffs signed it. Plaintiffs were represented by counsel thus there should be no excuse as to why they did not add to the settlement agreement but to agree to what was written into the agreement. Personal liability in a business deal is not unusual especially in a business setting. To the contrary, it would be unconscionable if the court will allow the Plaintiffs to relitigate the settlement agreement. If Plaintiffs won't have any personal liability, nothing will stop them from working the company into the ground and leave Defendant without any recourse. Therefore, there is no unconscionability if the settlement is preserved and the first element is not met.

As for the second element, Plaintiffs fail to explain how the issue of Plaintiffs obligations under the term sheet relates to a material feature of the contract and how it relates to a mistake. Plaintiffs fail to even show that a mistake was made as they had the opportunity to change or add

anything into the settlement agreement and they did not. Additionally, the material part of the agreement is the amount of money Defendant will receive. Therefore, there was no mistake in any material feature of the settlement agreement and the second element is not met.

As for the third element, Plaintiffs fail to explain how they were not negligent in spite of taking reasonable care. Case law is clear that where the mistake is the result of the mistaken party's own negligence such remedies are unavailable. If personal liability was so important, why did they not include it in the agreement. If it is true that Plaintiffs really did not want to be held individually liable under this agreement, why did they sign the agreement. Plaintiffs were represented by counsel and they were able to read the agreement before signing and make any changes or rejections to the agreement. The fact that no such objections were made then the mistake is the negligence of the Plaintiffs and their counsel and a serious lack of reasonable care. Therefore, the third element fails, and Plaintiffs cannot avail themselves to this remedy.

As for the fourth element, Plaintiffs fail to explain how Defendant will not suffer prejudice if the request for rescission is granted. Plaintiffs' conclusory statements do not meet any criteria as to why element four is met. To the contrary, Defendant will suffer prejudice if the Court grants Plaintiffs request for rescission. Defendant has already relied on the settlement agreement between the parties. If the Court will grant this instant motion, then Defendant will have to return the $50,000 his attorneys received as part of the settlement. Additionally, if this relief is granted, Defendant will to incur additional attorneys' fees to continue with this matter. This case will continue to drag along with no end in sight. Therefore, a rescission of the term sheet will clearly prejudice the Defendant.

Plaintiffs fail to meet any of the required elements in order to rescind the settlement agreement based on unilateral mistake. The courts are clear that the movant must meet every

element. If the court concludes there was a mistake, the mistake was because of the negligence of the Plaintiffs and their attorneys and can therefore not avail themselves to this remedy. The Court must deny the motion in its entirety.

**CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's motion in its entirety and confirm the settlement agreement signed by both parties. Further, Defendant respectfully requests that the Court grant Defendant costs in defending this frivolous motion.

Dated: June 22, 2018

**WONG, WONG & ASSOCIATES, P.C.**
*Attorneys for Defendant*, David Lam

By: /s/ *Raymond H. Wong*
Raymond H. Wong

**CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2018, I forwarded the foregoing papers to the following via ECF:

Jonathan Cohen
Plosia Cohen LLC
*Attorneys for Plaintiffs*
385 Route 24, Suite 3G
Chester, New Jersey 07930
Tel: (908).888.2547
Fax: 908.888.2548
jplosia@pclawnj.com

Date: May 22, 2018

By: /s/ *Raymond H. Wong*
Raymond H. Wong