**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NGEN SMOKE LLC, RYAN ENG and ERIC WONG, individually and derivatively on behalf of NGEN SMOKE LLC,<br><br>                Plaintiffs,<br><br>vs.<br><br>DAVID LAM,<br><br>                Defendant. | Civil Action No. 3:17-cv-01340-PGS-DEA<br><br>**CERTIFICATION OF**<br>**RAYMOND H. WONG, ESQ.** |

I, Raymond H. Wong, Esq., being of full age hereby certifies as follows:

    1.    I am a partner and president of the law firm of Wong, Wong, & Associates representing Defendant David Lam (the "Defendant") in the above action, and, as such, I am familiar with the facts pleadings and proceedings heretofore based on my review of the files maintained in our offices.

    2.    I make this certification in support of Defendant's opposition to Plaintiffs' motion pursuant to F.R.C.P. 60(b) to rescind the settlement term sheet and reopen this case.

    3.    I took over as counsel for the Defendant after previous counsel, Antony Lembersky, left the Firm in and around June of 2019.

    4.    Defendant was sued by Plaintiffs in New Jersey State Court for dissociation of the LLC amongst other claims. Defendant answered and countered claimed and removed the action to Federal Court based on a federal question.

    5.    The parties proceeded with and conducted discovery including depositions.

    6.    On and around October 12, 2018, the Court ordered that the parties attend mediation pursuant to Local Civil Rule 301.1. [ECF Doc. No. 31].

7.  The mediation Order specifically states that "[a]ll information presented to the Mediator will be deemed confidential and will not be disclosed by the mediator without the consent of counsel, except as necessary to advise the Court of an apparent failure to participate in good faith. The Mediator will not be subject to subpoena by any party. No statements made or documents prepared for mediation will be disclosed in any subsequent proceeding or construed as an admission against any party." [ECF Doc. No. 31].

8.  The parties scheduled and attended mediation with the Honorable Douglas K. Wolfson, J.S.C. (ret.) as mediator.

9.  At the end of the mediation the parties came to an agreement and signed a term sheet.

10. Thereafter, the Court dismissed this matter with prejudice. [ECF Doc. No. 35].

11. On or around June 18, 2019, Defendant filed this instant motion to set aside the judgment pursuant to Rule 60(b). [ECF Doc. No. 40].

12. As outlined in the Memorandum of Law, the Court should deny Plaintiffs' motion pursuant to Rule 60(b) and should award costs to Defendant because the instant motion is frivolous and is devoid of any merits.

I declare under the penalty of perjury under the laws of the United States of America that to the best of my knowledge the foregoing is true and correct.


By: /s/ Raymond H. Wong, Esq.
Raymond H. Wong

Dated: July 22, 2019