UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NGEN SMOKE LLC, et al., *Plaintiffs*, v. DAVID LAM, *Defendants*. | Civil Action No.: 3:17-cv-01340-PGS-DEA  ORDER |

**WHEREAS**, this matter comes before the Court on a Motion of Relief from a Judgment or Order filed by the Plaintiffs. (ECF No. 40). It has come to the Court's attention that it may lack subject matter jurisdiction to hear this case and will therefore require the parties to brief the jurisdictional issues so that this Court can determine whether it has jurisdiction.

**WHEREAS**, this matter was filed in the Superior Court of New Jersey, Law Division, Middlesex County. (*See* Compl., ECF No. 1-3). Thereafter, Defendant David Lam timely filed a Notice of Removal (Notice of Removal, ECF No. 1-2), removing this matter to the United States District Court for the District of New Jersey. In his Notice of Removal, the Defendant asserts that this Court "has original jurisdiction under 28 U.S.C. § 1338(a)," i.e. federal question jurisdiction, because the causes of action involve the interpretation of patent law. (*Id.* at ¶ 4).

**WHEREAS**, the lawsuit arises out of a partnership dispute between the parties. In in his Complaint, Defendant asserts twelve causes of action—all of which are state law claims, including, *inter alia*, conversion, breach of contract, fraud, unjust enrichment, and disassociation. (*See* Compl. ¶¶ 43-144). Defendant avers that these causes of action "involve[] rights with regard to the ownership of a patent." (Notice of Removal ¶ 5). Specifically, Defendant claims that

"Plaintiffs are attempting to remove defendant from the ownership of the patent, claiming that [Defendant] did not do the work to design the product and has used the patent in his own name and/or converted the patent to his own name. Both plaintiffs and defendant have a joint action pending before the United States Patent and Trademark Office under application No. 29/514,944." It is unclear to the Court, however, how these state law causes of action require interpretation of federal law, which would thus invoke this Court's jurisdiction. The main issues briefed and discussed at oral argument appeared to concern questions about Plaintiffs' personally liability with respect to Ngen Smoke's debts, which chiefly involved a dispute over the proper interpretation of a Term Sheet settlement agreement which the parties entered into.

Therefore, based on the facts presented, the Court cannot determine whether it has federal question jurisdiction and will require the parties to brief the jurisdictional issues.

## ORDER

**IT IS** on this 10th day of October, 2019,

**ORDERED** that Defendant shall file his brief no later than one week from the date of this Order and according to the requirements of Local Rule 7.2; and it is further

**ORDERED** that Plaintiffs shall file their brief no later than two weeks from the date of this Order and in accordance with Local Rule 7.2. A reply brief is not necessary.

_____
PETER G. SHERIDAN, U.S.D.J.