# UNITED STATES DISTRICT COURT

## for the

## District of New Jersey

| | |
|---|---|
| NGEN SMOKE LLC, RYAN ENG and ERIC WONG, individually and derivatively on behalf of NGEN SMOKE LLC, <br><br>        Plaintiffs, <br><br> vs. <br><br> DAVID LAM, <br><br><br> Defendant. | Civil Action No. 3:17-cv-01340-PGS-DEA |

---

**BRIEF IN SUPPORT OF FEDERAL QUESTION JURISDICTION**

---

Date: October 16, 2019

*/s/ Ardinez Domgjoni*
Ardinez Domgjoni
**Wong, Wong & Associates, P.C.**
150 Broadway, Suite 1588
New York, New York 10038
adomgjoni@wongwonglaw.com
Tel: (212) 566-8080
Fax: (212) 566-8960

1

## TABLE OF CONTENTS

TABLE OF CONTENTS................................................ I

TABLE OF AUTHORITIES........................................... II

INTRODUCTION.................................................... 1

PRELIMINARY STATEMENT AND PROCEDURAL POSTURE................... 1

LEGAL STANDARD................................................. 2

POINT I........................................................ 4

   THIS MATTER IS ONE FOR FEDERAL JURISDICTION BECAUSE FEDERAL LAW
   CREATES THE CAUSE OF ACTION ASSERTED ......................... 4

POINT II....................................................... 5

   THIS MATTER IS ONE FOR FEDERAL JURISDICTION BECAUSE A FEDERAL
   ISSUE IS (1) NECESSARILY RAISED, (2) ACTUALLY DISPUTED, (3)
   SUBSTANTIAL, AND (4) CAPABLE OF RESOLUTION IN FEDERAL COURT
   WITHOUT DISRUPTING THE FEDERAL-STATE BALANCE APPROVED BY
   CONGRESS ..................................................... 5

POINT III..................................................... 10

   THE DEFENDANT HAS ESTABLISHED FEDERAL QUESTION JURISDICTION
   BEFORE THIS COURT BECAUSE HE HAS ASSERTED INVENTORSHIP, A FEDERAL
   QUESTION, IN THE COUNTERCLAIM................................ 10

POINT IV...................................................... 12

   THE PARTIES HAVE ENGAGED IN EXPENSIVE LITIGATION IN DISTRICT
   COURT FOR YEARS AND REMANDING THE CASE TO STATE COURT FOR LACK OF
   SUBJECT MATTER JURISDICTION WOULD BE UNFAIR ................. 12

CONCLUSION.................................................... 13

## TABLE OF AUTHORITIES

**Cases**

*Empire Healthchoice Assurance, Inc. v. McVeigh*,
  547 U.S. 677 (2006) ........................................... 9
*Fax Telecommunications Inc. v. AT&T*,
  138 F.3d 479 (2d Cir. 1998) ................................. 11
*Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*,
  545 U.S. 308 (2005) ..................... 4, 5, 6, 7, 8, 9, 10
*Gunn v. Minton* ,
  568 U.S. 251 (2013) ...................... 3, 4, 5, 6, 7, 8, 10
*MDS (Can.) Inc. v. Rad Source Techs. Inc.*,
  720 F.3d 833 (11th Cir. 2013) ............................... 8
*Mikulski v. Centerior Energy Corp.*,
  501 F.3d 555, 570 (6th Cir. 2007) ........................... 9
*NeuroRepair, Inc. v. The Nath Law Group*,
  781 F.3d 1340 (Fed. Cir. 2015) .............................. 8
*Rustevader Corp. v. Cowatch United States District Court*,
  842 F. Supp. 171 (W.D. Pennsylvania 1993) .................. 11
*Samuel-Bassett v. KIA Motors America, Inc.*,
   357 F.3d 392 (3d Cir. 2004) ............................. 2, 3
*Sikirica v. Nationwide Ins. Co.*,
  416 F.3d 214, 219 (3d Cir. 2005) ............................ 3
*Smith v. Kansas City Title & Trust Co.*,
  255 U.S. 180 (1921) ......................................... 7
*3ST Research LLC v. Albany Molecular Research, Inc.*,
  2018 WL 324726 (D. New Jersey 2018) ........................ 10

**Statutes**

28 U.S.C. § 1331.............................................. 3
28 U.S.C. § 1338(a)..................................... 3, 4, 11
28 U.S.C. § 1441.......................................... 2, 3
28 U.S.C. § 1454............................................. 3
35 U.S.C. § 271 ............................................. 3
35 U.S.C. § 281 ............................................. 3

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NGEN SMOKE LLC, RYAN ENG and ERIC WONG, individually and derivatively on behalf of NGEN SMOKE LLC,<br><br>     Plaintiffs,<br><br>vs.<br><br>DAVID LAM,<br><br><br>Defendant. | Civil Action No. 3:17-cv-01340-PGS-DEA |

## <u>INTRODUCTION</u>

  Wong, Wong & Associates, P.C., on behalf of David Lam (the "Defendant"), respectfully submits this brief in support of federal question jurisdiction.

## <u>PRELIMINARY STATEMENT AND PROCEDURAL POSTURE</u>

  This case concerns a dispute between Eric Wong, Ryan Eng, and the Defendant over NGEN Smoke LLC, a company they started in order to manufacture and sell and/or license a new type of hookah smoking pipe. All the parties contributed money into NGEN Smoke LLC, with Defendant investing $73,000 for 33% of the company. [ECF Doc. No. 5 at ¶150]. After signing an Operating Agreement, and working together for over a year, the Defendant was ousted from NGEN Smoke LLC, and is being sued in the instant action for fraud, misappropriation of intellectual property, unjust enrichment, and

1

other claims. [ECF Doc. No. 1:3]. Defendant counterclaimed for, inter alia, breach of contract, unjust enrichment, and breach of fiduciary duty. [ECF Doc. No. 5]. After a lengthy discovery process and depositions, the Court ordered mediation between the parties. [ECF Doc. No. 31]. The parties attended mediation and signed an agreement thereby settling this matter. Thereafter, the Court dismissed this matter with prejudice. [ECF Doc. No. 35].

Plaintiffs then filed a Motion for F.R.C.P. 60(b) Relief and to Rescind the Settlement Term Sheet and Reopen the Case. [ECF. Doc. No. 40]. On October 1, 2019, the parties conducted oral argument concerning questions about Plaintiffs' personal liability with respect to NGEN Smoke's debts, which chiefly involved a dispute over the proper interpretation of a Term Sheet settlement agreement which the parties entered into. Following oral argument, the Court entered an order requiring the parties to brief the jurisdictional issues so that this Court can determine whether it has subject matter jurisdiction to hear this case.

## LEGAL STANDARD

"The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Samuel-Bassett v. KIA Motors America*, Inc., 357 F.3d 392, 396 (3d Cir. 2004). "The statute governing removal, 28 U.S.C. § 1441, must be strictly construed against removal."

2

*Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219 (3d Cir. 2005) (citing *Samuel-Bassett*, 357 F.3d at 396).

A district court has subject matter jurisdiction over cases removed from state court for their assertion of federal patent law claims. Under 28 U.S.C. § 1454, "[a] civil action in which any party asserts a claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights may be removed to the district court of the United States." More generally, pursuant to 28 U.S.C. § 1441, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." A district court has original jurisdiction over a civil action "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, as well as "any Act of Congress relating to patents, plant variety protection, copyrights and trademarks," 28 U.S.C. § 1338(a).

A case "aris[ es] under" federal law, and therefore may be removed to federal court, when "federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013); *see* 28 U.S.C. §§ 1331, 1338(a), 1441, 1454. For example, federal law "creates" various patent causes of action under Title 35 of the United States Code. *See Gunn*, 568 U.S. at 257 (citing 35 U.S.C. §§ 271, 281). A case may also "aris[e] under" federal law when a "state-law claim necessarily raise[s] a stated federal issue,

3

actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balances of federal and state judicial responsibilities." *Gunn*, 568 U.S. at 258 (quoting *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)). In other words, under the *Gunn* test, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258.

## LEGAL ARGUMENT

## POINT I

### THIS MATTER IS ONE FOR FEDERAL JURISDICTION BECAUSE FEDERAL LAW CREATES THE CAUSE OF ACTION ASSERTED.

The federal district court has exclusive jurisdiction over Plaintiffs' claim for misappropriation of NGEN's Intellectual Property; Conversion, and Declaratory Judgment on NGEN's Ownership of its Intellectual Property and Business Assets under 28 U.S.C. § 1338(a), which provides for exclusive federal jurisdiction over any case "arising under any Act of Congress relating to patents."

Congress has furthered decreed that "[n]o State court shall have jurisdiction over any [such] claim." Id. Plaintiffs' claim requires resolution of a patent issue here and thus this Court has subject matter jurisdiction.

<u>POINT II</u>

**THIS MATTER IS ONE FOR FEDERAL JURISDICTION BECAUSE A FEDERAL ISSUE IS (1) NECESSARILY RAISED, (2) ACTUALLY DISPUTED, (3) SUBSTANTIAL, AND (4) CAPABLE OF RESOLUTION IN FEDERAL COURT WITHOUT DISRUPTING THE FEDERAL-STATE BALANCE APPROVED BY CONGRESS.**

If federal law did not create the cause of action for misappropriation of NGEN's Intellectual Property; Conversion, and Declaratory Judgment on NGEN's Ownership of its Intellectual Property and Business Assets asserted by Plaintiffs, the claim can "arise[e] under" federal patent law because it "(1) necessarily raise[s] a stated federal issue, (2) actually disputed and (3) substantial, (4) which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S., at 314.

i. Necessarily Raised

A federal issue is "necessarily raised" by a claim if the court must address that issue in order to resolve the claim. *See Gunn*, 568 U.S. at 259 (issue of patent law was "necessary" to a case where a court would have to apply it to resolve the plaintiffs state law-based legal malpractice claim); *Grable*, 545 U.S. at 345 (federal issue necessarily raised where the United States government's compliance with a federal statute was an "essential element" of the plaintiffs claim).

Here, a federal issue is "necessarily raised" because the court would have to apply patent law to resolve Plaintiffs' claim

for misappropriation of NGEN's Intellectual Property; Conversion, and Declaratory Judgment on NGEN's Ownership of its Intellectual Property and Business Assets.

ii. Actually Disputed

A federal issue is "actually disputed" where the parties are in disagreement regarding its potential application or resolution. *See*, e.g., *Gunn*, 568 U.S. at 259 (where parties disagreed on whether a particular exception to the "on-sale bar" might have operated to save a patent from being declared invalid, the Court found that federal law was "actually disputed" in the case).

Here, Plaintiffs are attempting to remove Defendant from the ownership of the patent, claiming that he did not do the work to design the product and has used the patent in his own name and/or converted the patent to his own name. The parties have a disagreement over the ownership of the patent. Therefore, a federal issue is actually disputed here.

iii. Substantial

With regard to whether a federal issue is "substantial," the Supreme Court has clarified that "it is not enough that the federal issue be significant to the particular parties in the immediate suit; that will always be true when the state claim 'necessarily raise[s]' a disputed federal issue, as *Grable* requires." *Gunn*, 568 U.S. at 260. Rather, "[t]he substantiality inquiry under *Grable* looks . . . to the importance of the issue to the federal system

as a whole." Id. The Supreme Court's decisions in *Gunn, Grable, and Smith v. Kansas City Title & Trust Co*., 255 U.S. 180 (1921), help to illustrate the "substantiality" factor.

In *Smith*, the plaintiffs' claim questioned the constitutionality of a federal statute permitting the issuance of certain bonds. 255 U.S. at 198. That federal issue was "substantial" not because it was integral to the resolution of the parties' case, but because it called into question both the constitutionality of a federal law, and the validity of all bonds that the government had issued under that statute. *See Gunn*, 568 U.S. at 261 (discussing *Smith*, 255 U.S. at 201).

Similarly, in *Grable*, the plaintiffs' claims turned on whether the federal government had provided "notice within the meaning of the [relevant] federal statute" before seizing and selling the plaintiffs' real property. 545 U.S. at 315. Stressing the federal government's strong interest in collecting delinquent taxes and in satisfying delinquent tax obligations by seizing property, as well as the government's "direct interest in the availability of a federal forum to vindicate its own administrative action," the Court determined that the interpretation of the tax statute in question was "an important issue of federal law that sensibly belongs in a federal court." Id.; *see* also *Gunn*, 568 U.S. at 260-61 (discussing *Grable*).

In *Gunn*, a legal malpractice action, the plaintiff alleged that, had his counsel invoked a specific patent law doctrine in the underlying case, the United States District Court would not have declared his patent invalid. 568 U.S at 255. In applying the *Grable* factors to determine if federal courts could properly exercise "arising under" jurisdiction over the plaintiffs' claims, the Supreme Court found that, while those claims necessarily raised a disputed federal issue, that is, the court would have to conduct a "case within a case," and resolve issues of patent law, to determine if the plaintiff would have prevailed in the underlying action had his attorneys made a certain argument, id. at 259, the issues were not sufficiently "substantial" to justify federal subject matter jurisdiction, id. at 260-64. In reaching that decision, the Court stressed that "[b]ecause of the backward-looking nature of a legal malpractice claim, the question is posed in a merely hypothetical sense. No matter how the state courts resolve the hypothetical 'case within-a-case,' it will not change the real-world result of the prior federal patent litigation. [The plaintiff's] patent will remain invalid." Id. at 261.

The Supreme Court has described three nonexclusive factors that may help to inform the substantiality inquiry, none of which is necessarily controlling. *NeuroRepair, Inc. v. The Nath Law Group*, 781 F.3d 1340 (Fed. Cir. 2015); *see MDS (Can.) Inc. v. Rad Source Techs. Inc.*, 720 F.3d 833, 842 (11th Cir. 2013); *see* also

*Mikulski v. Centerior Energy Corp*., 501 F.3d 555, 570 (6th Cir. 2007). First, a substantial federal issue is more likely to be present if a "pure issue of [federal] law" is "dispositive of the case." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 700 (2006). Second, a substantial federal issue is more likely to be present if the court's resolution of the issue will control "numerous other cases." Id. Third, a substantial federal issue is more likely to be present if "[t]he Government . . . has direct interest in the availability of a federal forum to vindicate its own administrative action." *Grable*, 545 U.S. at 315.

Here, the interpretation of patent law is an important issue of federal law that belongs in a federal court. The resolution of patent law issues in the case at bar is sufficiently substantial to justify federal subject matter jurisdiction. First, a pure issue of federal law, specifically the resolution of a patent ownership issue, is dispositive; Plaintiffs' claim for misappropriation of NGEN's Intellectual Property and Business Assets; Conversion, and Declaratory Judgment on NGEN's Ownership of its Intellectual Property and Business Assets depends on the interpretation of federal patent law. Second, the Court's decision is likely to control numerous other cases regarding patent ownership. Third, the parties have a joint action pending before the United States Patent and Trademark Office and this government agency has a direct interest in the outcome of this dispute between private parties.

iv. Federal-State Balance

Finally, when examining whether an issue is "capable of resolution in federal court without disrupting the federal-state balance approved by Congress," *Gunn*, 568 U.S. at 258, a court must consider whether an exercise of jurisdiction would "materially affect, or threaten to affect, the normal currents of litigation," *Grable*, 545 U.S. at 319. In essence, this factor requires courts to examine whether an exercise of jurisdiction would force categories of cases traditionally brought in state court into the federal system. *See Gunn*, 568 U.S. at 264.

Allowing state courts to resolve cases regarding patent ownership will undermine the development of a uniform body of patent law. Issues of patent ownership are capable of resolution in federal court and do not disrupt the federal-state balance approved by Congress. Therefore, federal jurisdiction is appropriate here because all four requirements are met – a federal issue is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.

## POINT III

**THE DEFENDANT HAS ESTABLISHED FEDERAL QUESTION JURISDICTION BEFORE THIS COURT BECAUSE HE HAS ASSERTED INVENTORSHIP, A FEDERAL QUESTION, IN THE COUNTERCLAIM.**

Patent inventorship is a federal question. *3ST Research LLC v. Albany Molecular Research, Inc.*, 2018 WL 324726 (D. New Jersey

10

2018); *Rustevader Corp. v. Cowatch United States District Court*, 842 F. Supp. 171 (W.D. Pennsylvania 1993). Defendant's Answer contains a patent-law counterclaim for inventorship, which states:

> "Plaintiffs have violated 35 U.S. Code §§ 115, 116 and 256 in that they failed to name defendant Lam on the utility patent and failed to notice him that they were filing an application for the non-provisional status of the utility patent and have failed to correct the application to include defendant Lam and are in fact intent on removing him from inventorship and taking away any and all rights he has to either the design or utility patent."

Defendant's counterclaim alleges a sufficient controversy concerning inventorship, a federal question. A counterclaim is regarded as part of a well-pleaded complaint. Defendant's patent-law counterclaim should serve as the basis for this Court's federal question jurisdiction, for purposes of statute giving district courts original jurisdiction over any civil action arising under a federal patent statute. 28 U.S.C.A. § 1338(a).

Moreover, there is authority to support the position that, if a counterclaim establishes federal jurisdiction and the plaintiff does not object to removal, the court does not, on its own, inquire into the propriety of removal and will retain the case. *Fax Telecommunications Inc. v. AT&T*, 138 F.3d 479, 486–488 (2d Cir. 1998).

11

## POINT IV

**THE PARTIES HAVE ENGAGED IN EXPENSIVE LITIGATION IN DISTRICT COURT FOR YEARS AND REMANDING THE CASE TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION WOULD BE UNFAIR.**

This matter was filed in the Superior Court of New Jersey, Law Division, Middlesex County. [*See* Compl., ECF Doc. No. 1-3]. Defendant timely filed a Notice of Removal [Notice of Removal, ECF Doc. No. 1-2], removing this matter to the United States District Court for the District of New Jersey. Plaintiffs did not oppose Defendant's Notice of Removal and the district court retained the case. The parties engaged in expensive litigation for three years. After a lengthy discovery process and depositions, the Court ordered mediation between the parties. [ECF Doc. No. 31]. The parties attended mediation and signed an agreement thereby settling this matter. Thereafter, the Court dismissed this matter with prejudice. [ECF Doc. No. 35]. It would be unfair and a waste of judicial resources to remand the case to state court now for lack of subject matter jurisdiction. The settlement agreement signed by both parties is final and the case was properly dismissed. Therefore, the Court must deny Plaintiffs' Motion for F.R.C.P. 60(b) Relief and to Rescind the Settlement Term Sheet and Reopen the Case.

12

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court exercise subject matter jurisdiction in the case at bar.

Dated: October 16, 2019

                                        **WONG, WONG & ASSOCIATES, P.C.**
                                        *Attorneys    for    Defendant*,
                                        David Lam


                                        By: */s/ Ardinez Domgjoni*
                                            Ardinez Domgjoni

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on October 16, 2019, I forwarded the foregoing papers to the following via ECF:

Jonathan Cohen
Plosia Cohen LLC
*Attorneys for Plaintiffs*
385 Route 24, Suite 3G
Chester, New Jersey 07930
Tel: (908).888.2547
Fax: 908.888.2548
jcohen@pclawnj.com


Date: October 16, 2019


By: *<u>/s/ Ardinez Domgjoni</u>*
    Ardinez Domgjoni

14